## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. |
| GLENN O. HAWBAKER, INC., | ) ) | **COMPLAINT** |
| Defendant. | ) ) | **JURY TRIAL DEMAND** |
| | ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Christopher Woomer, who was adversely affected by such practices. As set forth with greater particularity in Paragraph 8 below, the Commission alleges that on or about May 29, 2007, Glenn O. Hawbaker, Inc. discriminated against Christopher Woomer because of his disability, when it summarily withdrew its conditional offer of employment as an Equipment Operator. Because of Defendant's discriminatory

decision not to hire him, Mr. Woomer suffered severe emotional distress and back pay damages.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Pennsylvania.

## PARTIES

3.     Plaintiff, Equal Employment Opportunity Commission, (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.     At all relevant times, Defendant, Glenn O. Hawbaker, Inc., (the

"Employer"), a Pennsylvania corporation, has continuously been doing business in the Commonwealth of Pennsylvania and the Town of State College, and has continuously had at least fifteen employees.

5.    At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.    At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

STATEMENT OF CLAIMS

7.    More than thirty days prior to the institution of this lawsuit, Christopher Woomer filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employer.   All conditions precedent to the institution of this lawsuit has been fulfilled.

8.    Since at least on or about May 29. 2007, Defendant Employer has engaged in unlawful employment practices at its State College, Pennsylvania facility in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a) and 42 U.S.C. §12102(3), by withdrawing a conditional offer of employment to

3

Charging Party Christopher Woomer, a qualified individual with a disability, because of his disability.

9.    The effect of the practices complained of in Paragraph 8 above has been to deprive Christopher Woomer of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability, Diabetes Mellitus.

10.    The unlawful employment practices complained of in Paragraph 8 above were intentional.

11.    The unlawful employment practices complained of in Paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Christopher Woomer.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from discriminating against disabled employees, and from engaging in employment practices which discriminate on the basis of disability.

B.    Order the Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for

4

qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant Employer to make whole Christopher Woomer, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.    Order Defendant Employer to make whole Christopher Woomer by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph 8 above, including but not limited to job search expenses, medical expenses, insurance expenses, missed housing payments and related expenses, in amounts to be determined at trial.

E.    Order Defendant Employer to make whole Christopher Woomer by providing compensation for past and future non pecuniary losses resulting from the unlawful employment practices described in Paragraph 8 above, including emotional pain and suffering, anxiety, depression, stress, and loss of self-esteem, in amounts to be determined at trial.

F.    Order Defendant Employer to pay Christopher Woomer punitive damages for its malicious and reckless conduct, as described in Paragraph 8 above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Washington, DC 20507

DEBRA M. LAWRENCE
Acting Regional Attorney

JUDITH  A. O'BOYLE
Supervisory Trial Attorney

MARISOL RAMOS
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, Pa.  19107-3127
Telephone:  (215) 440-2619
Facsimile:  (215) 440-2848
Email: Marisol.ramos@eeoc.gov

7