IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, *et al.* Plaintiff, v. GLENN O. HAWBAKER, INC., Defendant. | CIVIL ACTION NO. 4:09-CV-1261 Hon. Yvette Kane |
|---|---|

## CONSENT DECREE

Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission" or "EEOC"), commenced this action on July 1, 2009, in the United States District Court for the Middle District of Pennsylvania against Defendant Glenn O. Hawbaker, Inc. ("Defendant"). The Commission alleged that Defendant engaged in unlawful employment practices by rescinding an offer of employment to Christopher Woomer because of his **disability, diabetes, in violation of Title I of the Americans With Disabilities** Act of 1990, as amended, 42 U.S.C. § 12111, *et seq.* (the "ADA").

Christopher Woomer ("Woomer") intervened in this action by filing a Complaint on September 14, 2009, asserting, *inter alia,* that the Defendant's unlawful employment practices violated his rights under Title I of the

Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.* and the Pennsylvania Human Relations Act, as amended.

The Commission, Woomer and Defendant desire to resolve this action and all issues raised by the Complaints without the time and expense of further contested litigation.

The parties acknowledge the jurisdiction of the United States District Court for the Middle District of Pennsylvania over the subject matter and over the parties to this case for the purpose of entering this Consent Decree and, if necessary, enforcing this Decree.

The Court, having examined the terms and provisions of the Consent Decree, finds that it is reasonable and just in accordance with the Federal Rules of Civil Procedure and the ADA.

The entry of this Consent Decree will further the objectives of the ADA and will be in the best interests of the parties.

This Decree constitutes full discharge and satisfaction of any and all claims which have been alleged in the Complaints filed in this ADA action by the EEOC and Woomer based on the EEOC's administrative determination of discrimination regarding its investigation of the charge filed by Woomer (EEOC administrative charge number 530-2007-03351).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

## NON-DISCRIMINATION

1. Defendant, its officers, directors, agents, employees, successors, assigns, and all persons in active concert or participation with them, shall comply with the ADA and are enjoined from any present or future violations of the provisions of the ADA prohibiting the unlawful denial of employment to qualified individuals with disabilities; requiring an interactive process with regard to reasonable accommodations; and requiring the provision of reasonable accommodations to qualified persons with disabilities.

## NON-RETALIATION

2. Defendant, its officers, directors, agents, employees, successors, assigns, and all persons in active concert or participation with them, are enjoined from, and shall not engage in, reprisal or retaliation of any kind against any person because such person, either in the past or in the future: (a) opposed any practice made unlawful or reasonably believed to be unlawful under the ADA; (b) filed a charge of discrimination with the Commission or any fair employment practices agency; (c) was identified as a potential witness for the EEOC in an action; (d) requested and/or received relief in accordance with this Decree; (e) participated in any manner in an action under the ADA

or in any investigation giving rise to such action; or (f) asserted any rights under this Decree. In this regard, Defendant shall not take any action against any person(s) which constitutes intimidation, coercion, retaliation, harassment, or interference with the exercise of such person's rights under the ADA because of the filing of Charge No. 530-2007-03351 with the EEOC, which form the basis for this case, or because such person(s) gave testimony or assistance, or participated in any manner in any investigation or proceeding in connection with this case under the ADA.

## COVERED FACILITIES

3. The provisions of this Consent Decree shall apply to all of Defendant's facilities, work sites, and other locations of its operations.

## DURATION OF DECREE

4. This Consent Decree shall be in effect for a period of four years from the date it is entered by the Court.

## MONETARY RELIEF

5. Defendant shall pay monetary relief to Charging Party Christopher Woomer in the amount of $200,000.00 inclusive of all private attorney's fees and costs associated with this litigation. Of this amount, $50,444.00 shall constitute back pay (including lost benefits) and $149,556.00 shall constitute compensatory damages. This monetary relief (less any applicable

federal, state or local payroll tax regarding the amount constituting back pay) shall be paid in two checks: one check in the amount of $50,444.00 generated from Defendant's payroll made payable to Christopher Woomer and one check in the amount of $149,556.00 made payable to David Pertile, Esq., counsel for Christopher Woomer. Both checks will be issued not later than ten (10) days after entry of this Decree by the Court. Defendant shall mail the aforementioned checks by certified mail to an address to be provided by EEOC. Within three (3) days of such payment, Defendant shall send a photocopy of the checks, along with a photocopy of the Certified Mail receipt, to the EEOC's Counsel of Record at the Philadelphia District Office.

6. As provided by law, Defendant shall issue to Christopher Woomer an IRS Form W-2 for the monetary relief amount constituting back pay and an IRS Form 1099-Misc for the monetary relief amount constituting damages.

EQUITABLE RELIEF: POLICY MODIFICATION AND PUBLICATION

7. Defendant shall immediately modify any and all policies related to post-offer medical examinations to explicitly and prominently state: (a) that Defendant has modified its prior policies and will now ensure that individuals with diabetes mellitus requiring insulin for control are not automatically excluded from employment as an equipment operator; (b) that

Defendant will engage in an interactive process with applicants and employees, and their physicians, to determine fitness for positions in accordance with the ADA (as amended by the ADAAA); and (c) that Defendant will make reasonable accommodations to qualified individuals with disabilities as provided by the ADA (as amended by the ADAA). Within thirty (30) days of entry of this Decree, Defendant shall disseminate a copy of its modified post-offer medical examination policy to all persons to whom it makes an offer of employment and all persons with job duties related to Defendant's hiring and reasonable accommodation processes, including all persons in Defendant's human resources department. In addition, the revised policy will be disseminated to all Defendant employees on Defendant's HR Website (currently under construction), or at Defendant's annual training in February 2011, whichever occurs earlier. Within thirty (30) days of entry of this Decree, Defendant will provide to EEOC counsel of record a copy of all policies related to post-offer medical examinations required to be modified by this Decree and a declaration from a responsible Defendant official authenticating the modified policies and verifying that they will be disseminated to all persons given an offer of employment and will be disseminated to all employees at the earlier of the annual training or posting on the HR Website.

## EQUITABLE RELIEF: REPORTS TO EEOC OF

## DISABILITY DISCRIMINATION

8. Defendant shall submit, through its counsel, written notification to the Commission of all EEOC charges, administrative and court complaints, and internal complaints and reports related to disability-based discrimination in hiring, including allegations of discriminatory rescission of an offer of employment. Defendant's notification to the Commission will include any action taken by Defendant in response to the charges, complaints or reports, as well as all documentation related to the allegations, investigation, and disposition of the charge, complaint or report. Defendant's notification to the Commission, through its counsel, must be sent to the Commission's Philadelphia District Office, to the attention of the counsel of record, within thirty (30) days of any charges, complaints or reports. Such notifications must be updated and sent to the Commission's Philadelphia District Office every thirty (30) days thereafter until final action is taken by Defendant on the charge, complaint or report. Defendant shall append to all notifications required by this provision of the Decree any and all documents generated or obtained in the course of its investigations, including, but not limited to, any

investigatory reports, memoranda, notes, witness statements, affidavits or other investigation-related materials.

## EQUITABLE RELIEF: TRAINING

9. By no later than Defendant's February 2011 annual training, Defendant shall provide to all persons with job duties related to Defendant's hiring and reasonable accommodation processes, including all persons in Defendant's human resources department, and to all other persons whose job duties relate to post-offer or employee medical examinations and medical leave policies, not less than one (1) day of training regarding the ADA, with particular focus on hiring standards and the interactive process of identifying and providing reasonable accommodations, including internal and outside resources to assist in identifying and implementing reasonable accommodations; individualized assessment of disability and of direct threat; and undue hardship. Defendant will conduct testing regarding such training to ensure comprehension by attendees. Defendant shall also provide such training to all persons who acquire such positions during the term of the Decree within thirty (30) days of their first day at work in such positions. The training will be initially designed by a third-party consultant, at Defendant's expense, and may thereafter be conducted by a consultant or by Defendant's personnel. The credentials of the consultant who initially

designs the content of the training program shall be forwarded to the EEOC in advance of implementation.

10. Reasonable Accommodation Tracking System: Defendant's human resource department shall adopt and maintain a computer-based system for tracking information regarding reasonable accommodations and interactive discussions, which shall, at a minimum, contain, for each person who has requested a reasonable accommodation or regarding whom Defendant has otherwise considered reasonable accommodation on its own initiative, at least the following information: (a) full name and address; (b) position; (c) date of request or first consideration for accommodation on Defendant's initiative; (d) work location; (e) medical condition/alleged disability; (f) accommodation requested or considered on Defendant's own initiative; (g) date of disposition of the request or consideration on Defendant's own initiative; (h) whether accommodation was granted; (i) the type of accommodation granted; (j) the name, address and, if applicable, title and area of expertise of any outside person or entity consulted regarding the accommodation; (k) reason the form of accommodation requested by the employee or applicant was denied (if applicable); and (l) the date any accommodation was ended. Defendant shall maintain aforementioned database throughout the duration of this Decree and provide it to EEOC

counsel of record upon reasonable prior written notice of such demand. Defendant shall assign a management official or HR official with access to upper level management, with reasonable proficiency in ADA and reasonable accommodation matters, to review this database semi-annually and to assess whether the data therein suggest any potential denial of reasonable accommodation in violation of the ADA. Where the data so suggests, Defendant shall conduct a good faith, reasonably diligent internal investigation of the circumstances in question to determine whether Defendant's personnel acted in conformity with the ADA and with Defendant's own relevant policies.

## EQUITABLE RELIEF: POSTING OF NOTICE

11. Defendant shall post copies of the Notice attached as Attachment A in a conspicuous location at all of its facilities and at all places where employee notices are posted. The Notice shall be posted throughout the duration of this Decree, with such period commencing within thirty (30) days of entry of this Decree by the Court. Such Notice shall be typed legibly using font sizes not smaller than those used in Attachment A. If multiple pages are used for each such Notice, they shall not be displayed one page behind another but must be posted so that all pages are in order and simultaneously visible (*i.e.*, in horizontal row or vertical column configuration). In the event the

aforementioned notice becomes defaced, marred or otherwise made unreadable, Defendant shall timely replace the defaced, marred or unreadable copy of such notice(s).

## DISPUTE RESOLUTION AND COMPLIANCE REVIEW

12. This Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree, including but not limited to monetary sanctions and injunctive relief.

13. Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing compliance with this Consent Decree. Prior to such motion, the Commission shall notify the Defendant, in writing, of the alleged non-compliance. Upon receipt of written notice, Defendant shall have fifteen (15) days to either correct the alleged non-compliance, and so inform the other party, or deny the alleged non-compliance in writing.

    A. If the parties cannot in good faith resolve their dispute, the Commission may file with the Court a motion to correct and remedy the breach;

    B. Each party shall bear its own costs, expenses and attorney's fees incurred in connection with such action; and

C. Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the Middle District of Pennsylvania.

14. The Commission, its agents and employees shall in their discretion have the legal authority to enter any of Defendant's facilities, with reasonable prior notice to the Defendant and its counsel, and conduct an on-site inspection to ensure compliance with the ADA and any of the terms of this Decree. Such inspections may, at the discretion of the Commission, include access to any and all documents for the purposes of inspection and duplication; interviews or depositions of any persons; inspection of any area within the facility; and any other investigatory technique or procedure permitted by the ADA or the Commission's regulations. The Commission shall also have the legal authority to require appearance and testimony of Defendant's personnel (at reasonable times and locations) at interviews or depositions and the production of relevant documents to ensure compliance with the ADA and any of the terms of this Decree. The Commission may at any time move the Court for a hearing for the purpose of compelling Defendant to cooperate in any aspect of this Paragraph. Neither the Commission's authority under this Paragraph nor any other provisions of this Decree shall be construed to limit or impair in any manner any other

Commission authority to conduct investigations of the Defendant that is provided by law, including, but not limited to, investigating charges of discrimination filed under Title VII of the Civil Rights Act of 1964, the Equal Pay Act ("EPA"), the Age Discrimination in Employment Act ("ADEA"), Titles I or V of the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act of 2008, and any statute over which the Commission is given jurisdiction in the future, and conducting directed investigations authorized under the EPA, the ADEA, and any future statute which authorizes directed investigations.

## COURT COSTS AND ATTORNEY FEES

15. Each party shall bear its own court costs and attorneys' fees.

## MISCELLANEOUS

16. If any provision(s) of this Consent Decree is found to be unlawful, only the specific provision(s) in question shall be affected and the other provisions will remain in full force and effect.

17. The terms of the Consent Decree are and shall be binding upon (a) Defendant; (b) all present and future parents of Defendant; (c) all present and future subsidiaries of Defendant; and (d) all present and future owners, officers, directors, employees, agents, trustees, administrators, successors, representatives, or assigns of Defendant.

18. This Consent Decree constitutes the entire agreement and commitments of the parties. Any modifications to this agreement must be mutually agreed upon and memorialized in a separate writing signed by Defendant and EEOC, and Woomer if necessary, and approved by the Court.

19. When this Consent Decree requires the submission of any documents to the EEOC, if not otherwise indicated in the Decree or Attachments, they shall be mailed by Certified Mail to the Commission's Philadelphia District Office and to the attention of the Trial Attorney.

IT IS AGREED:

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | GLENN O. HAWBAKER, INC. |
|---|---|
| *[signature]* DEBRA M. LAWRENCE Regional Attorney EEOC-Philadelphia District Office (Baltimore Field Office) City Crescent Building, 3rd Floor 10 South Howard Street Baltimore, MD 21201 (410) 209-2734 Telephone | *[signature]* DANIEL R. HAWBAKER President and Chief Executive Officer Authorized corporate representative for Defendant Glenn O. Hawbaker, Inc. Dated: 9/20/10 |
| *[signature]* MARIA MOROCCO Supervisory Attorney EEOC-Philadelphia District Office (Baltimore Field Office) City Crescent Building, 3rd Floor 10 South Howard Street Baltimore, MD 21201 (410) 209-2730 Telephone | |
| *[signature]* JENNIFER L. HOPE Trial Attorney | |

| | |
|---|---|
| EEOC-Philadelphia District Office<br>801 Market St., Suite 1300<br>Philadelphia, PA 19103<br>(215) 440-2841 Telephone<br><br>PLAINTIFF-INTERVENOR<br><br>*/s/ Christopher Woomer/*<br>CHRISTOPHER WOOMER<br><br>*/s/ David A. Pertile/*<br>DAVID A. PERTILE<br>Counsel for Plaintiff-Intervenor<br><br>HIPPO, FLEMING & PERTILE<br>Historic Central Trust Building<br>1218 Eleventh Ave.<br>P.O. box 550<br>Altoona, PA 16603-0550 | |

**SO ORDERED.**

        Signed and entered this 4th day of October, 2010

                                    s/Yvette Kane
                                  J. YVETTE KANE
                                  United States District Court Judge

# ATTACHMENT "A"

### NOTICE TO EMPLOYEES POSTED PURSUANT TO A CONSENT DECREE BETWEEN THE U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION AND GLENN O. HAWBAKER, INC.

Glenn O. Hawbaker, Inc. is fully committed to maintaining a workplace in which all employees are free from illegal discrimination, including discrimination based on disability, as is recognized by Glenn O. Hawbaker's employment policies and federal law, including the Americans with Disabilities Act ("the ADA"), which provides, in part:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a).

We want you to know that:

(1) We are 100% dedicated and committed to the law and our policies;

(2) We will not discriminate or tolerate any discrimination against employees or applicants on any impermissible basis, including disability;

(3) We will make personnel decisions, such as hiring, promotion, and wage increases, without regard to a person's disability or any other legally protected characteristic; and

(4) We will make reasonable accommodations to qualified persons with disabilities to the extent required by law.

GLENN O. HAWBAKER, INC.

By _____

Title: _____

Dated: 9/20/10